IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| STELLA ROGERS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC, AND ) | |
| MORGAN & POTTINGER, P.S.C., ) | Jury Trial Demanded |
| ) | |
| Defendants. ) | |

# COMPLAINT

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and 15 U.S.C. § 1692k(d).

2. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") by Defendants in their illegal efforts to collect consumer debts.

3. Venue is proper in this District because the acts and transactions occurred here.

## PARTIES

4. Plaintiff Stella Rogers (hereinafter referred to as "Plaintiff") is a natural person who resides in Sevier County, Tennessee and a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Portfolio Recovery Associates, LLC (hereinafter "Defendant Portfolio Recovery") is a "debt collector" as defined by 15 U.S.C. § 1692a(6) that lists Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312 as its registered agent.

6. Defendant Morgan & Pottinger, P.S.C. (hereinafter "Defendant Morgan & Pottinger") is a "debt collector" as defined by 15 U.S.C. § 1692a(6) that lists John T. McGarvey, 601 West Main St., Louisville, KY 40202 as its registered agent.

## FACTUAL ALLEGATIONS

7. Defendants have alleged Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely, a credit card debt allegedly originally owed to or serviced by GE Capital Retail Bank (hereinafter "GE Capital").

8. After default, Defendant Portfolio Recovery purchased the debt for purposes of collection from Plaintiff.

9. Defendant Portfolio Recovery is engaged in the business of purchasing defaulted consumer debts and attempting to collect them by consumer credit reporting and filing collection lawsuits.

10. Defendant Portfolio Recovery hired Defendant Morgan & Pottinger to collect the debt from Plaintiff.

11. Defendant Morgan & Pottinger is regularly engaged in collection of consumer debts owed or due or asserted to be owed or due another and attempts to collect them by telephone calls, collection letters and filing collection lawsuits.

*January 23, 2013 Collection Lawsuit*

*Requesting Different Amounts*

12. On January 23, 2013, Defendants filed a civil summons, sworn affidavit, and copies of two collection letters sent by Defendant Portfolio Recovery, dated July 6, 2012 and August 6,

2012, respectively, in state court and caused them to be served on Plaintiff (collectively the "collection lawsuit"). **Copy filed as Exhibit 1 (hereinafter "[Doc. 1-1]").**

13. The civil summons, sworn affidavit, and collection letters were filed and served on Plaintiff in connection with collection of the debt and in an attempt to collect the debt, and each is a "communication". **15 U.S.C. § 1692a(2).**

14. In the civil summons dated January 23, 2013, Defendants stated that Defendant Portfolio Recovery was successor in interest to GE Capital, and demanded **"[u]pon sworn account, bearing the account number ending in 8628, for principle [sic] of $1,103.57 as of March 21, 2012, plus <u>contractual</u> pre-judgment interest accruing at 5.25%, minus payment (s), if any, for total Judgment of $1,151.19 as of January 15, 2013, plus additional interest from January 15, 2013 to date of judgment"**, and showed a file number for Defendant Morgan & Pottinger of 12Y22514. **[Doc. 1-1, p. 1].** (underline and bold added). If judgment had been entered on April 11, 2013 (date set for initial hearing), total amount requested according to the language of the civil summons would have been <u>**$1,164.84.**</u>[1]

15. In the sworn affidavit dated December 14, 2012, Defendants stated that Defendant Portfolio Recovery was the assignee of GE Capital and sought to collect <u>**$1,103.57**</u>, showed the last four (4) digits of the account as **8628**, made no mention of any additional amounts due for interest on the debt, and contained the same file number at the bottom left-hand of the page of 12Y22514. **[Doc. 1-1, p. 2, ¶¶ 2, 4].** (underline and bold added)

---

[1] ($1,103.57 x. 5.25% divided by 365 = 15.87 cents per day in interest x 300 days [March 21, 2012 to January 15, 2013] or **$ 47.62** + **$ 1,103.57** + **$12.38** (15.87 cents x 78 days – January 15, 2013 to April 11, 2013)

16. The July 6, 2012 collection letter stated that the original creditor was GE Capital, showed account/reference number **798192434558<u>8628</u>**, and listed a "Balance" owed of **<u>$1,118.99.</u>** [Doc. 1-1, p. 3]. (underline and bold added) If the civil summons was correct and the principal balance owed on the account on March 21, 2012 was $1,103.57, then an increase to $1,118.99 by July 6, 2012 would have been accomplished by application of an interest rate of 4.765% per annum or the addition of other charges.

17. The August 6, 2012 collection letter stated that the original creditor was GE Capital, showed account/reference number **798192434558<u>8628</u>**, and listed a "Balance" owed of **<u>$1,128.36.</u>** [Doc. 1-1, p. 3]. (underline and bold added) If the civil summons was correct and the principal balance owed on the account on March 21, 2012 was $1,103.57, then an increase to $1,128.36 by August 6, 2012 from March 21, 2012 would have been accomplished by application of an interest rate of 5.9425% per annum or the addition of other charges.

18. At a December 9, 2013 hearing in state court, appearance counsel for Defendant Portfolio Recovery announced to the state court judge that it was amending its civil summons to the amount of $1,103.57, without explanation.

19. By requesting four (4) different amounts on four (4) different pages of the collection lawsuit, Defendants made conflicting statements as to the amount owed that would be confusing to the least sophisticated consumer as to how much is allegedly owed and resulted in Defendants making several false representations (a) of the character, amount, or legal status of any debt, and (b) of the compensation which may be lawfully received by any debt collector for the collection of any debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), and 1692e(10).

### October 28, 2013 Experian Credit Report

20. Experian is a consumer credit reporting agency as defined in 15 U.S.C. § 1681a(f), and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing credit reports to third parties.

21. Plaintiff obtained a copy of her Experian credit report dated October 28, 2013, which showed that Defendant Portfolio Recovery was communicating information to Experian that Plaintiff owed the alleged debt.  **Copy of communications to Experian filed as exhibit 2.  [Doc. 2, p.1].**

22. Defendant Portfolio Recovery has been communicating information regarding the debt to Experian since April 2012, with the amount report showing the amount of the debt increasing and then falling starting in April 2012 through October 2013, as follows:

    | Month | Amount | Month | Amount |
    |---|---|---|---|
    | July 2012 | $1,123.00 | March 2013 | $1,195.00 |
    | August 2012 | $1,132.00 | April 2013 | $1,208.00+ |
    | September 2012 | $1,142.00 | June 2013 | $1,225.00 |
    | October 2012 | $1,151.00 | July 2013 | $1,229.00 |
    | November 2012 | $1,159.00 | August 2013 | $1,177.00 |
    | December 2012 | $1,170.00# | September 2013 | $1,177.00 |
    | January 2013 | $1,178.00* | October 2013 | $1,177.00 |
    | February 2013 | $1,187.00 | | |

    \# Higher amount than per sworn affidavit of $1,103.57 for December 14, 2012.

    \* Higher amount than stated in civil summons of $1,151.19 for January 15, 2013.

    \+ Higher amount than 5.25% rate in civil summons of $1,164.84 for April 11, 2013.

*Id.*

### October 28, 2013 Equifax Credit Report

23. Equifax is a consumer credit reporting agency as defined in 15 U.S.C. § 1681a(f), and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing credit reports to third parties.

24. Plaintiff obtained a copy of her Equifax credit report dated October 28, 2013, which showed that Defendant Portfolio Recovery was communicating information to Equifax that Plaintiff owed the alleged debt. **Copy of communications to Experian filed as exhibit 3. [Doc. 3].**

25. Defendant Portfolio Recovery communicated to Equifax that as of October 4, 2013 the balance amount of the debt was $1,177.00. *Id.* A higher amount than any of the four (4) different numbers communicated in the collection lawsuit or announced as the amount of the debt by appearance counsel at the state court hearing on December 9, 2013.

26. Each reporting of the alleged debt to Experian and Equifax is a "communication" in connection with and an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). *See Riveria v. Bank One*, 145 F.R.D. 614 (D. P.R. 1993); *accord Blanks v. Ford Motor Credit*, 2005 WL 43981, at *3 (N.D. Tex. Jan. 7, 2005) (communicating information to credit reporting agency is a communication in connection with the collection of a debt); *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 503 n.4 (D. Md. 2004) (reporting debt is "in connection with" debt collection); *Sullivan v. Equifax*, 2002 WL 799856, 2002 U.S. Dist. LEXIS 7884, at *15, (E.D. Pa. April 19, 2002) (reporting a debt is a powerful collection tool); *Ditty v. Checkrite, Ltd.*, 973 F. Supp. 1320, 1331 (D. Utah 1997) (reporting bad check information to others is designed

to give collector additional leverage over debtor); *In re Sommersdorf*, 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991).

27. By communicating to Experian and Equifax that Plaintiff different and greater amounts than what Defendants alleged Plaintiff owed in the collection lawsuit, Defendant Portfolio Recovery violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(8), and 1692e(10).

### *Attempting To Collect Interest Waived By Original Creditor*

28. Under federal banking regulations, a credit card debt must be charged off when it is 180 days overdue (it may be charged off earlier). Federal Financial Institutions Examination Council, Uniform Retail Credit Classification and Account Management Policy, 65 FR 36903 (June 12, 2000).

29. Charge-off means that the credit card receivable is no longer carried on a bank's books as an asset.

30. On information and belief, Defendant Portfolio Recovery purchased the alleged debt on April 30, 2012 in the amount of $1,103.57. **[Doc. 1-1, p. 2, ¶ 3].**

31. On information and belief, GE Capital charged off the alleged debt in March 2012 in the amount of $1,103.57, and this was the amount of the alleged debt sold by GE Capital to Portfolio Recovery. **[Doc. 2, pp. 1, 2].**

32. Defendant Portfolio Recovery communicated to Experian starting in April 2012 through October 2013 that Plaintiff owed amounts ranging from $1,104.00 in April 2012 to a high of $1,229.00 in July 2013, which, on information and belief, included interest on the charged-off debt, computed at an unknown rate of interest. **[Doc. 2, p. 1].**

33. On information and belief, the amounts above $1,104.00 shown in Defendant Portfolio Recovery's communications to Experian and Equifax, included interest prior to the date on which Defendants claim Defendant Portfolio Recovery purchased the debt. **[Doc. 2, p. 1]; [Doc. 3].**

34. On information and belief, GE Capital, from which Defendant Portfolio Recovery allegedly purchased the debt, did not charge interest after charge-off.

35. On information and belief, it is the policy and practice of Defendant Portfolio Recovery to add interest to debts that were charged off by the original creditor, even if the original creditor of the debt did not do so.

36. On information and belief, GE Capital intentionally did not charge interest after charge-off of the debt Defendant Portfolio Recovery allegedly purchased.

37. On information and belief, the standard form credit card agreements used by GE Capital provides that it may change the terms of the agreement from time to time, and that changes beneficial to the consumer such as a reduction in or waiver of interest may be effected immediately and without notice.

38. On information and belief, as a standard practice, and for a variety of sound business reasons, GE Capital waives interest on credit card debts after charge-off for as long as it holds the debt.

39. The reasons for this include the following:

    a. GE Capital did not, and does not, want to increase the amount of bad debts on its books, for regulatory reasons.

    b. GE Capital is required to send periodic statements on all accounts, including defaulted accounts, for any period during which interest or fees are added to an

account. 12 C.F.R. §226.5(b)(2)(i) ("A periodic statement need not be sent for an account if the creditor deems it uncollectible, if delinquency collection proceedings have been instituted, if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account...."). Banks, such as GE Capital, generally prefer to waive the interest and save the expense of preparing and sending statements.

    c.    Prior to the amendment of 12 C.F.R. §226.5(b)(2), the obligation to issue statements on an account continued until the creditor "[deemed] it uncollectible," or instituted legal proceedings. The addition of interest could be construed as meaning that the debt was not deemed uncollectible. See 26 C.F.R. §1.6050P-1. GE Capital prudentially did not add interest to this charged off debt.

40. On information and belief, GE Capital, which allegedly originated Plaintiff's alleged debt, in accord with standard business practices, waived interest on Plaintiff's credit card debt, after charge-off.

41. On information and belief, GE Capital, which allegedly originated Plaintiff's alleged debt, in accord with standard business practices, did not provide periodic statements to Plaintiff after the date of charge-off that showed an amount owed greater than $1,103.57 being owed.

42. Defendant Portfolio Recovery only took what GE Capital could give. If GE Capital waived the right to add interest post-charge-off, Defendant Portfolio Recovery acquired the debt (if at all) subject to that waiver.

43. On information and belief, the amount of the debt Defendant Portfolio Recovery allegedly purchased from GE Capital did not include post-charge off interest.

44. On information and belief, Defendant Portfolio Recovery paid a price for the alleged debt it allegedly purchased based on the balance stated by GE Capital.

45. On information and belief, it is Defendant Portfolio Recovery's standard practice, after paying a price based on an amount that does not include post-charge off interest, to seek collection of post-charge off interest that the original creditor had waived the right to add.

46. Defendant Portfolio Recovery was not entitled to collect any interest GE Capital did not actually charge during the time when GE Capital owned the debt. *Westgate v. Maryland Casualty Co.,* 147 F.2d 177, 181 (6th Cir. 1945) held that "it is an equitable maxim that he who takes the place of another as to any right or property holds it subject to all the rights of the assignor." Likewise, *Binswanger Southern (NC) Inc. v. Textron Inc.*, 860 S.W. 2d 862 (Tenn. Ct. App. 1993) holds that "an assignee of a non-negotiable chose in action, such as a contract, steps into the shoes of his assignor and takes his assignor's rights subject to all defenses which may be asserted against the assignor in an action to enforce the right. *Id.* at 865, citing, *Third Nat'l Bank v. Capitol Records, Inc.,* 60 Tenn.App. 189, 445 S.W.2d 471 (1969). Further, "the rights of the assignor and the assignee are fixed at the time of the notification of the assignment." *United States v. General Motors Corp.*, 929 F.2d 249, 252 (6th Cir. 1991).

47. On information and belief, the alleged debt Plaintiff purportedly owes was allegedly sold to Defendant Portfolio Recovery with a given face value. Defendants may not seek more than that amount on account of interest that GE Capital had waived the right to add.

48. The communication of the higher amounts in the collection lawsuit and in the credit reporting are representations by Defendants that Defendant Portfolio Recovery has the right to add interest after the date the debt was charged off by GE Capital.

10
Case 3:14-cv-00030-PLR-CCS   Document 1   Filed 01/23/14   Page 10 of 13   PageID #: 10

49. By adding interest to the amount of alleged debt allegedly purchased from GE Capital that had not been added by GE Capital after charge-off, Defendants violated 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f, and 1692f(1).

50. Further, Defendant Portfolio Recovery engaged in a false and deceptive collection practice (contrary to 15 U.S.C. §1692e) and an unfair debt collection practice (contrary to 15 U.S.C. §1692f), for adding unauthorized interest to the alleged debt of Plaintiff.

*Summary*

51. The above-detailed conduct by Defendants in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions.

*Respondeat Superior Liability*

52. In addition to its individual liability under the FDCPA, the acts and omissions of Defendant Morgan & Pottinger as an agent for Defendant Portfolio Recovery and who communicated with Plaintiff as further described herein, were committed within the time and space limits of its agency relationship with its principal, Defendant Portfolio Recovery.

53. The acts and omissions by Defendant Morgan & Pottinger were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Defendant Portfolio Recovery in collecting consumer debts.

54. By committing these acts and omissions against Plaintiff, Defendant Morgan & Pottinger was motivated to benefit its principal, Defendant Portfolio Recovery.

55. Defendant Portfolio Recovery is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in

violation of federal law by the debt collectors employed as agents by Defendant Portfolio Recovery including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

## TRIAL BY JURY

56. Plaintiff is entitled to and hereby respectfully demands a trial by jury. **U.S. Const. amend. 7; Fed.R.Civ.P. 38.**

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq*

57. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

58. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

59. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant:

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

01/23/14　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　**STELLA ROGERS**

　　　　　　　　　　　　　　　　　　/s/　　Alan C. Lee
　　　　　　　　　　　　　　　　　　Alan C. Lee, Esq., BPR # 012700
　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　P. O. Box 1357
　　　　　　　　　　　　　　　　　　Talbott, TN 37877-1357
　　　　　　　　　　　　　　　　　　(423) 581-0924
　　　　　　　　　　　　　　　　　　alee@tndebtdefense.com